Matter of Attorneys in Violation of Judiciary Law § 468-a (DaCunzo) (2021 NY Slip Op 06026)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (DaCunzo)

2021 NY Slip Op 06026

Decided on November 4, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 4, 2021

PM-149-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Daniella Dawn DaCunzo, Also Known as Daniella DaCunzo Dalia, Respondent. (Attorney Registration No. 4225355.)

Calendar Date:August 27, 2021
Before:Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Daniella Dawn Da Cunzo, Eatontown, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2004 and is also admitted to practice in New Jersey, where she operates as a solo practitioner. By May 2019 order of this Court, respondent was indefinitely suspended from the practice of law for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2014-2015 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1719 [2019]). Having cured her registration delinquency in December 2020, respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) submitted correspondence advising that it opposes respondent's motion and respondent has submitted a supplemental affidavit addressing AGC's points in opposition.
We initially find that respondent has satisfied the threshold requirements for submitting a reinstatement application. As an attorney seeking reinstatement from a suspension longer than six months, respondent has properly submitted a duly-sworn form affidavit as provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, along with the necessary exhibits (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, respondent has provided proof that she successfully passed the Multistate Professional Responsibility Examination within one year of filing her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Accordingly, we proceed to the merits of her application.
Any attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public interest to reinstate the attorney to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). AGC points out that respondent failed to file a timely affidavit of compliance following her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]). However, respondent has since submitted a belated affidavit of compliance wherein she attests that she has properly complied with the order suspending her (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix B). Moreover, respondent attests in her appendix C affidavit that she had not practiced law in New York [*2]since at least 2014 and, thus, had no clients to return property to or to advise of her suspension and no unpaid compensation for work performed for New York clients at the time she was suspended. Accordingly, we find that respondent has clearly and convincingly established that she has complied with this Court's order of suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Breslow], 193 AD3d 1175, 1176 [2021]).
We further find that respondent has established that she has the requisite character and fitness for reinstatement. Although respondent discloses that personal matters caused her to lose track of her registration obligations during the periods for which she forgot to register, she takes responsibility for her actions and has cured her delinquency. Respondent also states that she does not currently suffer from any limitations on her ability to practice law, has no criminal history during the period of suspension and has not been the subject of any governmental investigation since her admission in this state. Further, respondent has no history of professional discipline outside of her suspension in this state and is currently in good standing in her home jurisdiction of New Jersey. To that end, respondent provides proof that she maintained her legal acumen by completing her required continuing legal education coursework since the time she was suspended.
Further, we find that respondent's reinstatement would be in the public interest. First, based upon the nature of her misconduct and her otherwise blemish-free disciplinary history, we find that no detriment would inure to the public from her reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Moreover, respondent's reinstatement provides a tangible benefit to the public based on her commitment to providing pro bono services to indigent clients in her home jurisdiction (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Toussaint], 196 AD3d 830, 832 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Joon Woo Lee], 172 AD3d 1878, 1879 [2019]). We therefore find that respondent has met the requirements for reinstatement and we have determined that it is appropriate to grant her application.
That being said, although respondent has provided proof that she has cured her registration delinquency and Office of Court Administration records reflect that she is now current with her registration obligations, based upon certain disclosures in her application materials, we find that respondent's certification as retired for the 2016-2017 and 2018-2019 periods was improper (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Samson], 176 AD3d 1566, 1567-1568 [2019]). To this end, although respondent was permitted to retroactively certify as retired and cure her registration delinquency, she could only do so if she could truthfully attest that, during the entirety of the [*3]relevant biennial period, "she [did] not practice law in any respect and [did] not intend ever to engage in acts that constitute the practice of law" (Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]). Although respondent attests that she has not practiced law in this state since at least 2014, the "practice of law," for purposes of retired status, encompasses "the giving of legal advice or counsel to, or providing legal representation for, a particular body or individual in a particular situation in either the public or private sector in the State of New York or elsewhere" (Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]). Thus, the regulatory language makes clear that an attorney may not register as retired in this state even if the entirety of his or her practice is confined to a foreign jurisdiction and even if he or she does not practice law on a full-time basis. Accordingly, we direct respondent to file amended registration statements for the two aforementioned biennial periods and provide proof that she has done so to AGC and this Court within 30 days of the date of this order.
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.